IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Huey Speights, | Civil Action No. 2:16-cv-03014-RMG-MGB |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Nancy Berryhill, Acting Commissioner of Social Security, | **OF MAGISTRATE JUDGE** |
| Defendant. | |

This case is before the Court for a report and recommendation pursuant to Local Rule 73.02(B)(2)(a), D.S.C., concerning the disposition of Social Security cases in this District, and Title 28, United States Code, Section 636(b)(1).

The Plaintiff, Huey Speights, brought this action pursuant to Section 1631(c)(3) of the Social Security Act, as amended (42 U.S.C. § 1383(c)(3)), to obtain judicial review of a final decision of the Commissioner of Social Security ("the Commissioner") regarding his claim for supplemental security income benefits ("SSI") under Title XVI of the Social Security Act, as amended (the "Act"). For the reasons stated herein, the undersigned recommends that the Commissioner's findings be reversed and remanded for a new hearing.

**RELEVANT FACTS AND ADMINISTRATIVE PROCEEDINGS**

The Plaintiff applied for SSI on August 9, 2012, alleging disability beginning May 6, 2010, due to neck and back problems, high blood pressure, and high cholesterol. (R.175, 204.) His application was denied initially and on reconsideration. After a hearing before an Administrative Law Judge (ALJ) on November 12, 2014, the ALJ issued an unfavorable decision on February 9, 2015. (R. at 50-58.) The Appeals Council ("AC") denied Plaintiff's request for review, (R. at 1-6), making the ALJ's decision the Commissioner's final decision for purposes of judicial review.

In making the determination that the Plaintiff is not entitled to benefits, the Commissioner adopted the following findings of the ALJ:

> (1) The claimant has not engaged in substantial gainful activity since August 8, 2012, the application date (20 CFR 416.971 *et seq*.).
>
> (2) The claimant has the following severe impairment: degenerative disc disease status-post cervical spine surgery(20 CFR 416.920(c)).
>
> (3) The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
>
> (4) After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except no climbing of ladders, ropes, and scaffolds, occasional kneeling, crouching, and crawling, and no reaching overhead with the bilateral upper extremities. He is further limited to work with simple routine repetitive tasks.
>
> (5) The claimant is unable to perform any past relevant work (20 CFR 416.965).
>
> (6) The claimant was born on July 23, 1966 and was 46 years old, which is defined as a younger individual age 45-49, on the date the application was filed (20 CFR 416.963).
>
> (7) The claimant has a limited education and is able to communicate in English (20 CFR 416.964).
>
> (8) Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
>
> (9) Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).
>
> (10) The claimant has not been under a disability, as defined in the Social Security Act, since August 8, 2012, the date the application was filed (20 CFR 416.920(g)).

(R. at 50-58.)

## APPLICABLE LAW

The Act provides that SSI disability benefits shall be available for aged, blind, or disabled persons who have income and resources below a specific amount. 42 U.S.C. § 1381 *et. seq.*; 20 C.F.R. § 416.110. "Disability" is defined in the Act as the inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A).

To facilitate a uniform and efficient processing of disability claims, the Act has by regulation reduced the statutory definition of "disability" to a series of five sequential questions. An examiner must consider whether the claimant (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment which equals an illness contained in the Administration's official Listing of Impairments found at 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) has an impairment which prevents past relevant work; and (5) has an impairment which prevents him from doing substantial gainful employment. *See* 20 C.F.R. § 416.920. If an individual is found not disabled at any step, further inquiry is unnecessary. *Id.*; *see also Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981). The plaintiff "bears the burden of production and proof during the first four steps of the inquiry." *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). If the plaintiff "is able to carry this burden through the fourth step, the burden shifts to the Secretary in the fifth step to show that other work is available in the national economy which the claimant could perform." *Id.* at 1203.

The scope of judicial review by the federal courts in disability cases is "limited to determining whether the findings of the Secretary are supported by substantial evidence and whether the correct law was applied." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *see also Richardson v. Perales, 402* U.S. 389 (1971). Consequently, the Act precludes a *de novo* review of the evidence and requires the court to uphold the Commissioner's decision as long as it

is supported by substantial evidence. *Pyles v. Bowen*, 849 F.2d 846, 848 (4th Cir. 1988) (*citing* 42 U.S.C. § 405(g); *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986)). The phrase "substantial evidence" is defined as:

> such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Substantial evidence consists of more than a mere scintilla of evidence but may be less than a preponderance.

*Smith v. Chater*, 99 F.3d 635, 637-38 (4th Cir. 1996) (internal quotation marks and citations omitted).

Thus, it is the duty of this Court to give careful scrutiny to the whole record to assure that there is a sound foundation for the Commissioner's findings, and that his conclusion is rational. *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

## **DISCUSSION**

The Plaintiff contends that the ALJ erred in the following two ways:

1. The Appeals Council erred in rejecting Dr. Keffer's post-hearing opinion; and

2. The ALJ's evaluation of the opinion evidence of record was not supported by the substantial evidence.

(Dkt. No. 12.)

### **1.     Dr. Keffer's Post-Hearing Opinion**

The Plaintiff argues that the AC improperly barred a single page letter ("the Keffer letter") from the Plaintiff's treating physician at Charleston Neurological Associates. (Dkt. No. 12 at 10-12; R. 35.) Pursuant to the regulations in effect at the time of the AC's decision, the AC was to consider all the evidence before the ALJ as well as any "new" and "material" evidence that related to the period on or before the date of the ALJ's decision. *See* 20 C.F.R. §

404.976(b)(1) (1987); *see also* 20 C.F.R. § 404.970(b) (1987).[1] "Evidence is new . . . if it is not duplicative or cumulative," and "[e]vidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." *Wilkins v. Sec'y*, 953 F.2d 93, 96 (4th Cir. 1991) (citations omitted). In *Meyer v. Astrue*, 662 F.3d 700 (4th Cir. 2011), the Fourth Circuit held that where the treating physician in that case submitted a letter to the AC detailing Plaintiff's injuries and recommending significant restrictions on Plaintiff's activity, it "simply [could not] determine whether substantial evidence support[ed] the ALJ's denial of benefits" because the ALJ, in rendering his decision, had specifically emphasized that the record before him did not include any restrictions from the treating physician. *Meyer*, 662 F.3d at 707. The *Meyer* court stated, *inter alia*,

> [N]o fact finder has made any findings as to the treating physician's opinion or attempted to reconcile that evidence with the conflicting and supporting evidence in the record. Assessing the probative value of competing evidence is quintessentially the role of the fact finder. We cannot undertake it in the first instance. Therefore, we must remand the case for further fact finding.

*Id*.

The Keffer letter was dated June 9, 2015 and was submitted after the hearing before the ALJ, which took place November 12, 2014. (R. 35, 50.) The letter stated the following:

> *Mr. Speights is a 48 year old gentleman who has a history of multilevel cervical fusion surgery. He has been a patient in our office since June 2, 2011. He remains in constant moderate to severe pain resulting primarily from his cervical spine. He uses Tramadol, Gralise, and Norco pain medication daily to enable him some form of pain relief. Within a reasonable degree of medical certainty, it is unlikely for Mr. Speights to resume and maintain any form of employment as a result of his chronic pain.*

---

[1] The prior versions of the regulations are applicable in this case. The current version of 20 C.F.R. § 404.976, effective January 17, 2017, does not refer to evidence submitted to the AC. The current version of 20 C.F.R. § 404.970, effective January 17, 2017, indicates that the AC will review a case if, "[s]ubject to paragraph (b) of this section, the Appeals Council receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. § 404.970(a)(5).

5

(R. 35.) The letter was signed by Joe McTavish, PA-C, and J. Reilly Keffer, DO, both of whom treated the Plaintiff at Charleston Neurological Associates. (R. 35.)

The parties disagree as to whether the Keffer letter relates to the period prior to the ALJ's Decision.[2] This court finds that the letter relates to the period before the ALJ's Decision. The Plaintiff's multilevel cervical fusion surgery took place on July 14, 2010. (R. 280, 284.) The Plaintiff was referred by Dr. Keffer in June of 2011 for neck pain. (R. 342-45.) The Keffer letter stated the Plaintiff has been a patient since June 2, 2011, and that the Plaintiff "remains in constant moderate to severe pain resulting primarily from his cervical spine." (R. 35.) The Keffer letter specifically opined that the Plaintiff's chronic pain would not allow him to "resume or maintain any form of employment." (R. 35.) The only fair reading of this letter in the context of the Plaintiff's surgery and referral is that the letter addressed from June 2, 2011, through the date it was written. Therefore, the Keffer letter expressed an opinion from a treating physician that addressed the period of time before the ALJ's Decision.[3] As with the court in *Meyer*, this court simply cannot determine whether substantial evidence supports the ALJ's denial of benefits in light of the Keffer letter. Therefore, this court recommends this case be remanded for a new hearing.

### 2. **ALJ's Evaluation of Opinion Evidence**

The Plaintiff argues that the ALJ did not properly weigh the opinion evidence of the Plaintiff's treating physician, Dr. Steichen; a vocational consultant, Joel Leonard; and the Workers' Compensation Commission. (Dkt. No. 12 at 12-15.) Under the regulations of the Social Security Administration, the Commissioner is obligated to consider all medical evidence and the opinions of medical sources, including treating physicians. 20 C.F.R. § 404.1545*; see also* 20 C.F.R. § 404.1527. The regulation, known as the "Treating Physician Rule," imposes a duty on the Commissioner to "evaluate every medical opinion we receive." 20 C.F.R. § 404.1527(c). Special consideration is to be given to the opinions of treating physicians of the

---

[2]The ALJ's Decision was issued on February 9, 2015. (R. 58.)

[3]The ALJ did not consider the June 9, 2015 opinion from Dr. Keffer, but gave the opinion of the Plaintiff's other treating physician, Dr. Steichen, little weight as discussed *infra*.

6

claimant, based on the view that "these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." 20 C.F.R. § 404.1527(c)(2).

Under some circumstances, the opinions of the treating physicians are to be accorded controlling weight. Even where the opinions of the treating physicians of the claimant are not accorded controlling weight, the Commissioner is obligated to weigh those opinions in light of a broad range of factors, including the examining relationship, the nature and extent of the treatment relationship, supportability of the opinions in the medical record, consistency, and whether the treating physician was a specialist. 20 C.F.R. § 404.1527(c)(1)-(5). "A treating physician is entitled to great weight because it reflects a judgment based on continuing observation over a number of years." *Campbell v. Bowen*, 800 F.2d 1247, 1250 (4th Cir. 1986). The Commissioner is obligated to weigh the findings and opinions of treating physicians and to give "good reasons" in the written decision for the weight given to a treating source's opinions. SSR 96-2P, 1996 WL 374188, at *5; *see also* 20 CFR § 404.1527(c)(2).

Considering the factors under 20 C.F.R. § 404.1527(c)(1)-(5), Dr. Steichen's opinion must be examined closely. At the outset, the court notes that Dr. Steichen's opinion was the **only** opinion from a treating source considered by the ALJ. (R. 55-56.) The ALJ devoted two sentences to the opinion. (R. 55.) The first sentence summarized Dr. Steichen's opinion. The second sentence summarily stated, "With the exception of no lifting above the shoulder level, I give little wight to the assessment of Dr. Steichen, as it is not consistent with the other evidence of record as discussed above."[4] (R. 56.) Dr. Steichen's opinion stated that the Plaintiff was permanently limited to sedentary work with no lifting of more than 10 pounds and no lifting above shoulder level. (R. 271.) Dr. Steichen stated that he deferred to Dr. Keffer as to the Plaintiff's required care and treatment, impairment, and work restrictions because the Plaintiff

---

[4] "[T]he other evidence of record as discussed above" does not reference any specific part of the ALJ's Decision.

had "no further surgical options." (R. 269.) As discussed *supra*, neither the ALJ nor the AC considered Dr. Keffer's opinion.

"The ALJ must rely on the acceptable medical opinions offered in the record and those opinions must be weighed in accord with the Treating Physician Rule. The ALJ is not entitled simply to reject opinions in which he personally disagrees." *Cohen v. Berryhill*, No. 2:16-cv-1238-RMG, 2017 WL 3641611, at *3 (D.S.C. Aug. 23, 2017). This court concludes that the ALJ did not properly weigh the opinion of Dr. Steichen. The ALJ's Decision is devoid of any real analysis as to why the only opinion from a treating physician was entitled to "little weight." (R. 56.) The ALJ instead gave "great weight" to the opinions of the state medical consultants that reviewed the Plaintiff's file. "Under the Treating Physician Rule, preference is generally given to the opinions of treating physicians over the opinions of non-examining chart reviewers or one time examiners." *Wall v. Colvin*, No. 8:12-cv-3152-RMG, 2014 WL 517461, at *2 (D.S.C. Feb. 7, 2014) (citing 20 C.F.R. § 404.1527(c)(l),(2)). In the case at bar, the ALJ gave the Plaintiff's treating physician's opinion "little weight" with almost no explanation while giving medical consultants who had never examined the Plaintiff "great weight." This court concludes that the ALJ did not properly weigh Dr. Steichen's opinion in accordance with SSR 96-2P. *See Cohen*, No. 2:16-cv-1238-RMG, 2017 WL 3641611 (D.S.C. Aug. 23, 2017); *Wall,* No. 8:12-cv-3152-RMG, 2014 WL 517461 (D.S.C. Feb. 7, 2014).

The Commissioner argues that Dr. Steichen's opinion was not consistent with his own treatment notes and was a "check the box" form. (Dkt. No. 13 at 8.) The court notes that the ALJ did not provide any specific reasons for the weight given to the opinion, and the court is left to guess if the Commissioner's arguments were considered by the ALJ. The Commissioner cites to portions of the Plaintiff's records regarding his normal range of motion and strength. (*Id.*) However, the records cited by the Commissioner both relate to before the Plaintiff had surgery in 2010 and contain Dr. Steichen's recommendation that the Plaintiff have surgery. Therefore, these notes cannot be read to contradict the Plaintiff's condition after surgery when Dr. Steichen's opinions were given. While Dr. Steichen's opinion was on a "check the box form," the opinion provided space for written explanations, which Dr. Steichen utilized several times.

(R. 268-71.) Therefore, in addition to finding remand necessary in light of the Keffer letter, this court concludes that remand is necessary for the Commissioner to properly weigh the opinions of Dr. Steichen, Dr. Keffer, and other opinion evidence under the standards of the Treating Physician Rule and SSR 96-2P.[5]

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that the Commissioner's decision be reversed and remanded for administrative action consistent with this recommendation, pursuant to sentence four of 42 U.S.C. Section 405(g) for further proceedings as set forth above.

IT IS SO RECOMMENDED.

October 25, 2017

Charleston, South Carolina

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

---

[5]This court does not reach the Plaintiff's specific objections to the weight given to the opinions' of Mr. Leonard and the Workers' Compensation Commission as this court has found that the AC did not properly consider the Keffer Letter in light of *Meyer* and that the ALJ did not properly address Dr. Steichen's opinion in accordance with SSR 96-2P.